UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REBECCA ANN BROWN, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) Case No. 4:21-CV-1-NAB |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | ) ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff Rebecca Ann Brown ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (the "Act"). The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 8). Because I find the decision denying benefits was supported by substantial evidence, I will affirm the Commissioner's denial of Plaintiff's applications.

I. **PROCEDURAL BACKGROUND**

In June 2018 and October 2018, Plaintiff applied for DIB and SSI, alleging that she had been unable to work since May 2018 due to severe chronic migraines, rheumatoid arthritis,

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Sjogren's disease, 3 bulging discs in low back, large hemangioma in T4 of spine, interstitial cystitis, anxiety, bilateral carpal tunnel (syndrome), slurred speech occasionally, and CCP antibody/CRP reactive antibody. (Tr. 66, 180). Her applications were initially denied. (Tr. 76-80). Plaintiff filed a Request for Hearing by Administrative Law Judge ("ALJ"). (Tr. 81-82). After a hearing, the ALJ issued an unfavorable decision on February 27, 2020. (Tr. 19-31). Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's Appeals Council (Tr. 140-42), but the Appeals Council declined to review the case on November 6, 2020. (Tr. 1-4). Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

## II.     STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the [twelve-month duration requirement in § 404.1509 or § 416.909], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(ii); *McCoy*, 648 F.3d at 611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), which is "the most [a claimant] can still do despite [his or her] limitations," 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). *See also Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or her past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the

3

claimant can perform his or her past relevant work, the claimant is not disabled; if the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c)(2), 416.920(a)(4)(v), 416.920(g), 416.1560(c)(2); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2).

### III. THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ in this case found, at step one, that Plaintiff has not engaged in substantial gainful activity since May 15, 2018, the alleged onset date. (Tr. 21). At step two, the ALJ found that Plaintiff had the following severe impairments: Migraine headaches; rheumatoid arthritis; body tremors of unspecified etiology; degenerative disc disease in the lumbar and cervical spine; bilateral carpal tunnel syndrome; leukocytosis; Sjogren's disease; chronic obstructive pulmonary disease (COPD); and obesity. (Tr. 21). The ALJ also found the following medically determinable impairments: obstructive sleep apnea and anxiety. (Tr. 22). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 23).

4

The ALJ found that Plaintiff had the following RFC:

> She can lift and carry 5 pounds frequently and 10 pounds occasionally. In an 8-hour workday with normal breaks, she can sit about 6 hours and stand and/or walk about 2 hours. She should never climb ladders, ropes or scaffolds, and never work at unprotected heights or around dangerous machinery. She should not drive vocationally. She should not work in high concentrations of dust, fumes, gasses, or similar pulmonary irritants. She can frequently but not continuously handle and finger bilaterally. She can occasionally climb ramps or stairs, and occasionally balance, stoop, kneel, crouch and crawl.

(Tr. 23-24). Moving to step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (Tr. 29). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age, education, work experience, and RFC, the ALJ relied on the testimony of the vocational expert and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[,]" (Tr. 29), such as Document Preparer, Ampule Sealer, and Surveillance System Monitor, (Tr. 30). The ALJ concluded that Plaintiff "has not been under a disability . . . from May 15, 2018, through the date of th[e] decision[.]" (Tr. 30).

### IV.    DISCUSSION

Plaintiff challenges the ALJ's decision on two grounds: (1) the RFC is not supported by substantial evidence; and (2) the ALJ's decision improperly evaluates the opinion evidence.

#### A.  Standard for Judicial Review

The decision of the Commissioner must be affirmed if it "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 58 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. §§ 405(g); 1383(c)(3). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the

5

Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942 (quotation marks omitted). *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consol. Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

### B. RFC Assessment

Plaintiff's first argument is that her RFC assessment is not supported by substantial evidence because 1) the ALJ improperly drew inferences from the medical reports and relied on non-treating, non-examining medical consultants; and 2) the decision lacks rationale describing how the evidence supports the RFC findings. Responding, the Commissioner asserts that the ALJ's decision is supported by substantial evidence.

An ALJ determines the RFC "based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations." *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004) (citation omitted). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by

6

some medical evidence of the claimant's ability to function in the workplace." *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017). But an ALJ "is not limited to considering medical evidence exclusively," as even though the "RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007).

The Court recognizes that an ALJ "may not draw upon [her] own inferences from medical reports." *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). The Eighth Circuit has held that the "interpretation of physicians' findings is a factual matter left to the ALJ's authority." *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016) (citation omitted). In this case, the ALJ performed an extensive review of relevant evidence, including Plaintiff's substantial medical records, before concluding Plaintiff was capable of sedentary work with certain additional limitations. This analysis was entirely consistent with the requirements of SSR 96-8p and other applicable regulations. The ALJ assessed objective medical evidence, carefully described various objective findings, and cited numerous sources of medical evidence from Plaintiff's many physician visits and tests. (Tr. 24-29). This includes the impairments that Plaintiff argues the ALJ failed to adequately address and explain the impact on her RFC. (Tr. 25-26) (discussing rheumatoid arthritis, degenerative disc disease in the lumbar and cervical spine, and carpal tunnel syndrome); (Tr. 26) (discussing Plaintiff's COPD and obesity); (Tr. 27) (discussing Plaintiff's diagnosis of leukocytosis and obesity). Based on these notations, the ALJ satisfied his requirement and "a deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case." *Sloan v. Saul*, 933 F.3d 946, 951 (8th Cir. 2019) (quoting *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999)). An ALJ's reasoning need only be "clear enough to allow for appropriate judicial review." *Id.* The ALJ's decision satisfies this standard.

Additionally, the ALJ's consideration of the State agency physicians' opinions was not itself an error because the ALJ must consider all relevant evidence. *See Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005). Further, the SSA regulations recognize that state agency medical consultants are "highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1); *see also Collins v. Kijakazi*, No. 6:20-CV-3237-MDH, 2021 WL 3909670, at *4 (W.D. Mo. Aug. 31, 2021) ("The new regulations require the ALJ to consider the opinions of state agency medical consultants because they are highly qualified experts in Social Security disability evaluation."). As discussed above, the ALJ did consider all relevant evidence as shown throughout his Decision, which includes discussion of the medical records, noncompliance with some medical treatment, and Plaintiff's activities of daily living ("ADLs"). (Tr. 24-29). The ALJ also discussed how the objective medical evidence supported some of Plaintiff's complaints and incorporated those into the RFC.

The Court acknowledges that the record contains conflicting evidence, and the ALJ could have reached a different conclusion. However, this Court's task is not to reweigh the evidence presented to the ALJ. The ALJ's weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Based on the foregoing, the Court finds the ALJ's Decision is supported by substantial evidence.

      **C.**    **Opinion Evidence**

Plaintiff next challenges the ALJ's decision by arguing that the ALJ failed to properly evaluate the opinion evidence.

Because Plaintiff filed her applications after March 27, 2017, this Court applies 20 C.F.R. § 404.1520c. Under the new regulations, an ALJ is no longer required to "defer to give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative

8

medical finding(s), including those from [claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must evaluate the persuasiveness of such opinions by considering five factors: supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1520c(c). The most important factors are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). The ALJ acknowledged application of these new regulations in his opinion. (Tr. 27-28).

Here, Plaintiff argues that the ALJ did not properly articulate the "supportability" and "consistency" factors when evaluating the opinion evidence, specifically Dr. Malo's opinion who treated Plaintiff's chronic migraines. Responding, the Commissioner argues that the ALJ properly evaluated the opinion evidence and that the ALJ's Decision as a whole shows he properly considered the (supportability and consistency) factors.

The ALJ's Decision reflects that he considered the opinion evidence of record. The Eighth Circuit has held that an ALJ's rejection of a medical provider's conclusory checklist statement was appropriate. *See Cline v. Colvin*, 771 F.3d 1098, 1104 (8th Cir. 2014) (no error in ALJ's discounting of "cursory checklist statement" which included "significant impairments and limitations that are absent from [provider's] treatment notes and [claimant's] medical records"). Even assuming, *arguendo*, that it was reversible error for the ALJ to discount Dr. Malo's brief opinion, that error is harmless. "The paragraph concerning the ALJ's evaluation of [a medical] opinion cannot be read in isolation but must be read as part of the overall discussion of plaintiff's RFC assessment." *Wilcox v. Saul*, No. 4:20-CV-1285-SRW, 2021 WL 6196834, at *13 (E.D. Mo. Dec. 30, 2021) (quoting *Trosper v. Saul*, No. 1:20-CV-51-DDN, 2021 WL 1857124, at *5 (E.D. Mo. May 10, 2021)). When read in context, as part of the overall discussion of Plaintiff's RFC, the Court finds the ALJ appropriately considered the medical and nonmedical evidence in the record. The ALJ specifically noted that Plaintiff saw Dr. Malo for her migraines, which weighed

9

in her favor. (Tr. 25). The ALJ then went on to state that Dr. Malo noted Plaintiff no longer experienced severe headaches since receiving injections although she still continued to suffer from mild-to-moderate headaches, which were partially alleviated from Plaintiff's prescribed medications. (Tr. 25). Thus, it is clear that the ALJ acknowledged Plaintiff's treatment with Dr. Malo and gave some credit to it. Based on the foregoing, the ALJ did not commit reversible error in finding Dr. Malo's opinion unpersuasive.

As discussed above, it was not error for the ALJ to rely on the State agency consultant's opinion, and the ALJ gave Plaintiff the benefit of the doubt by adding more limitations stemming from her physical ailments. The ALJ's thorough review of the record supports his evaluation of the opinion evidence.

## V.  CONCLUSION

For the foregoing reasons, the Court finds the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief is **DENIED**. (Docs. 1, 26).

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED.**

                                               NANNETTE A. BAKER
                                               UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of September, 2022.